# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| SHAWN T. DAMON,<br><br>Plaintiff,<br><br>vs.<br><br>BRUCE MCDERMOTT, JUDGE JULIE MACEK, JOHN PARKER, ATTORNEY GENERAL STEVE BULLOCK, BRANT LIGHT, SCOTT FOSTER, JUDGE KENNETH NEILL, JUDGE THOMAS MCKITTRICK, JUDGE DIRK SANDEFUR,<br><br>Defendants. | Cause No. CV 12-00014-GF-SEH-RKS<br><br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

## I. SYNOPSIS

Mr. Damon has filed a Motion to proceed in Forma Pauperis, a proposed Complaint, and a supplement to his Complaint. C.D. 1, 2, 5. Mr. Damon alleges wrongful prosecution. The Motion to Proceed in Forma Pauperis will be granted.

The Complaint fails to state a claim upon which relief may be granted and should be dismissed.

## II. JURISDICTION AND VENUE

The Court has personal jurisdiction over the named parties. This action presents a federal question over which jurisdiction lies pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a), and 42 U.S.C. § 1983. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391 and Local Rule 1.11(a)(2)(C).

This proceeding was referred to this Court pursuant to Local Rule 73 and 28 U.S.C. § 636(b)(1). Upon referral, magistrate judges are only permitted to rule on motions that do not decide all or part of a case without the consent of the parties. 28 U.S.C. § 636(b). Magistrate judges do not have jurisdiction to rule on case-dispositive motions without consent, and can only enter findings and recommendations on those motions. Id. Upon consent of the parties, a magistrate judge may conduct all proceedings and enter judgment for the entire case. 28 U.S.C. § 636(c).

## III. MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Damon submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. §1915(a). The request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Damon must pay the statutory filing fee of $350.00. Mr. Damon submitted an account statement showing he has insufficient funds to pay an initial filing fee, therefore, the initial partial filing fee will be waived. Mr. Damon must make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by Congress and cannot be altered. See 28 U.S.C. § 1915(b)(2). A separate order will direct the agency having custody of Mr. Damon to forward payments from his account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## IV. STATEMENT OF CASE

### A. Parties

Mr. Damon is a prisoner proceeding without counsel. He is incarcerated at Crossroads Correctional Center in Shelby, Montana. The named defendants are Great Falls Police Detective Bruce McDermott, District Court Judge Julie Macek, Cascade County Attorney John Parker, Attorney General Steve Bullock, Assistant Attorney General Brant Light, Adult Probation and Parole Officer Scott Foster, District Court Judge Kenneth Neill, District Court Judge Thomas McKittrick, and District Court Judge Dirk Sandefur. C.D. 2, p. 4.

### B. Factual Allegations

Mr. Damon alleges that since his arrest on March 15, 2011, he, his wife and his daughter have been harassed, victimized, stripped of their civil rights, intimidated, and slandered. Mr. Damon alleges prosecutorial misconduct through repeated false felony charges. C.D. 2, p. 7.

**V. 28 U.S.C. §§ 1915(e)(2), 1915A REVIEW**

Mr. Damon is a prisoner proceeding in forma pauperis so his Complaint is reviewed under 28 U.S.C. § 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a pro se prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." Erickson v. Pardus, 551 U.S. 89, 94 (2007); Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez, 203 F.3d. at 1127 (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

## VI. ANALYSIS

### A. Claim on Behalf of Wife and Daughter

Mr. Damon lists claims on behalf of his wife and daughter. These claims fail because as a pro se litigant Mr. Damon cannot represent anyone but himself. McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966). Even if one of the

individuals is his daughter, Mr. Damon cannot represent her in a legal action. Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer"). Mr. Damon is the sole plaintiff in this action.

   **B. Heck Doctrine**

Mr. Damon alleges he has been deprived of his freedom by intimidation and harassment. C.D. 2, p. 8. The Montana Department of Corrections website indicates Mr. Damon is currently incarcerated on a probation violation arising from a 2005 conviction for obstruction of justice. A decision by the Montana Supreme Court indicates Mr. Damon plead guilty to one count of felony obstruction of justice in 2005. State v. Damon, 339 Mont. 413, 170 P.3d 490 (Mont. 2007).

Although Mr. Damon does not specifically plead as such, it appears his claims arise out of his state conviction. Since Mr. Damon is currently incarcerated, it appears his criminal conviction has not been overturned. Thus, all claims relating to his criminal proceedings are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In Heck, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence

has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. Heck, 512 U.S. at 487.

A finding that Mr. Damon's rights were violated during his criminal proceedings would necessarily imply the invalidity of that conviction. As Mr. Damon is currently incarcerated it appears his conviction has not been reversed, declared invalid, expunged, or called into question. Therefore, his claims are barred by Heck.

**C. Immunity**

Defendant John Parker is entitled to prosecutorial immunity for acts taken in association with the prosecution of Mr. Damon. Kalina v. Flectcher, 522 U.S. 118, 123-24 (1997). Similarly, Judges Macek, Neill, McKittrick, and Sandefur are entitled to absolute judicial immunity for their actions in presiding over Mr. Damon's criminal proceedings. Mireless v. Waco, 502 U.S. 9, 11 (1991); Pierson v. Ray, 386 U.S. 547, 553-4 (1967).

Attorney General Bullock and Assistant Attorney General Light are likely entitled to prosecutorial immunity also because any action or inaction on their part lies within their authority. St. Hilaire v. Corbin, 945 F.2d 409 (9th Cir. 1991)(unpublished decision). Officer Foster may be immune because Mr. Damon's accusation that he lied under oath to the District Court Judge suggests

any alleged misconduct occurred directly within his service to the court. Demoran v. Witt, 781 F.2d 155, 157-158 (9th Cir. 1985)(probation officers are entitled to complete quasi-judicial immunity for writing pre-sentence reports pursuant to, and within the scope of, a statutory duty to do so because they are performing a function integral to the independent judicial process). Because Mr. Damon's claims are clearly Heck-barred, it is not necessary to allow him to amend his complaint to determine whether these Defendants are immune.

## VI. CONCLUSION

Mr. Damon's claims are barred by the Heck doctrine and Defendants County Attorney Parker, and Judges Macek, Neill, McKittrick, and Sandefur are entitled to absolute immunity. These are not defects which could be cured by amendment. The Complaint should be dismissed.

### A. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the
> district-court action, or who was determined to be financially unable
> to obtain an adequate defense in a criminal case, may proceed on
> appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is
> filed-certifies that the appeal is not taken in good faith or finds that the
> party is not otherwise entitled to proceed in forma pauperis and states
> in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke, 490 U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact. Mr. Damon's claims are clearly Heck barred. As such, no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

**B. Address Changes**

At all times during the pendency of this action, Mr. Damon SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and

its effective date, except if Mr. Damon has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **ORDERED:**

    1. Mr. Damon's Motion to Proceed in Forma Pauperis C.D. 1 is granted.

    2. The Clerk shall edit the text of the docket entry for the Complaint C.D. 2 to remove the word "LODGED" and the Complaint is deemed filed on February 15, 2012.

It is **RECOMMENDED:**

    1. Mr. Damon's Complaint C.D. 2 should be dismissed.

    2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

    3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Damon may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Damon files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. Damon from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 14th day of March, 2012.

    /s/ Keith Strong
Keith Strong
United States Magistrate Judge